B. F. Hirsch, Inc., Appellant, v. C. T. Gustafson Company, Inc., and J. J. Broucek, Defendants. J. J. Broucek, Appellee.

## Gen. No. 42,004.

Heard in the first division of this court for the first district at the October term, 1941.

Opinion filed June 1, 1942.

LANE & JACOBSON, of Chicago, for appellant; WILLIAM E. LANE and ALBERT SCHWARTZ, both of Chicago, of counsel.

GOLDMAN, ALLSHOUSE & HEALY, of Chicago, for appellees; ROBERT G. DREFFEIN and F. V. HEALY, both of Chicago, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, a New York jewelry concern, sent to the Lewy & Goodman Co., Chicago, manufacturer's representative who had represented plaintiff for many years, certain items of jewelry to be sold; Lewy & Goodman Co. delivered these items to defendants, who are jobbers in the jewelry business, to be sold; the items were delivered to defendant Broucek, who initialed the written memoranda accompanying the delivery indicating the character of the transaction; Broucek took the jewelry in his automobile to Detroit, and plaintiff charges that while there he so carelessly and negligently handled it that it was stolen and lost. The action was to recover the value of this jewelry.

Upon trial by the court judgment was entered against the Gustafson Co. for $2,885, but defendant Broucek was found not guilty. Plaintiff appeals from the judgment in favor of Broucek.

In a statement made by Broucek in connection with the theft of the jewelry he said that he operated as a wholesale jeweler, with offices in Chicago, under the trade name of C. T. Gustafson Co., an Illinois corporation. This is another case of doing business under what is generally known as a "corporate veil."

It is admitted that Broucek took the jewelry to Detroit in his automobile, arriving in the evening; that he parked the automobile in a parking lot, covered the grips containing the jewelry with a blanket, left them there and, locking the car, went to a hotel; the following morning he discovered that his car had been broken into and the grips in which the jewelry was carried were gone; he went to the office of the hotel, reported the robbery and asked them to call a police officer. At

the time he parked his car he was given a receipt which read: "We assume no responsibility for articles left in cars. No attendant has authority to accept responsibility therefor in behalf of company. No attendant after parking hours."

That Broucek was negligent in thus leaving these valuable articles in his car all night long, with no attendant, is amply proven, and it does not seem to be seriously contended to the contrary.

The defense asserted is that these goods were delivered to Gustafson Co. under agreement "on sale or return," by which Gustafson Co. took title to the jewelry. The memoranda accompanying the delivery of the jewelry do not support this defense. Section 18 of the Sales Act (ch. 121½, par. 18, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 121.22]) provides that the title to property so delivered is according to the intention of the parties, and that for the purpose of ascertaining this intention "regard should be had to the terms of the contract" and the circumstances of the case. Section 19 states certain rules for ascertaining the intention of the parties as to the time at which the property in the goods passes to the buyer. Rule 3 provides that when goods are delivered to the buyer "on sale or return," or on other terms indicating an intention to make a present sale, the property under such circumstances passes to the buyer on delivery.

These rules have no application to the memoranda before us. These recite the delivery by Lewy & Goodman Co. of the items of jewelry, with the prices, and the following words: "The goods described below remain our property and subject to our order and shall be returned to us on demand. Held at your risk." And at the bottom of each memorandum are the words, "Prices subject to change without notice." This clearly indicates an intention of Lewy & Goodman Co. that the title to the goods shall remain in it and that the items shall be returned to it on demand.

The trial court was of the opinion that the delivery of the goods constituted a contract of sale or return and not a bailment, hence, as the goods were not returned, plaintiff was entitled to judgment against Gustafson as if the action were in assumpsit, but not against Broucek, who was said to be an employee of Gustafson Co. Apparently the trial court followed *People v. Feldstein,* 273 Ill. App. 47, where it was held the consignments of jewelry to Feldstein were not bailments but contracts of sale or return. That case was a criminal prosecution and there was evidence that Feldstein pawned the goods in accordance with a common practice of a vendee, by this means raising the money to pay for them, thus showing an intention to keep them. Moreover, the president of the consigning company testified that he had several notes given in payment for the diamonds, and would not say that he had not received these notes from Feldstein in payment for the diamonds described in the consignment.

That is not this case. Here is an action based upon the negligent acts of Broucek, which permitted the jewelry to be stolen. It cannot be said Broucek's negligence in this respect was the exercise of any acts of ownership. Moreover, it is well established that in an action for the recovery of damages, both the employer and the employee whose negligence while in the line of his employment caused the damage, may be sued and held liable. Broucek in the statement by him in connection with the theft, said that plaintiff was the owner of the property stolen. He did not claim that title passed from plaintiff upon delivery of the jewelry to him.

We hold that defendant Broucek, as well as Gustafson Co., should have been held guilty on the issue of negligence as bailees, and that judgment should be entered against Broucek for $2,885, plus interest

thereon at 5 per cent per annum from March 17, 1941, to date, or $3,059.30.

*Judgment as to Broucek reversed and judgment entered in this court against him for $2,885, with interest at 5 per cent per annum from March 17, 1941.*

O'CONNOR, J., concurs.

MR. JUSTICE MATCHETT specially concurs. I concur in this result, with some doubt on the theory that the manifest intention of the parties, of which Broucek knew, was that title should remain in plaintiff. As between the parties why should that intention not prevail and control?

Technically, I do not doubt the transactions were "on sale or return" and that as between plaintiff and third parties, plaintiff could not be heard to say title did not pass. This case is not distinguishable from the *Feldstein* case except in the fact that there a criminal prosecution was based on the transaction.